# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

David Holte,

    Plaintiff/Movant,

Williams & Fudge, Inc.; and
DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, David Holte, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, David Holte ("Plaintiff"), is an adult individual residing in Broomfield, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Williams & Fudge, Inc. ("Williams & Fudge"), is a South Carolina business entity with an address of 300 Chatham Ave., P.O. Box 11590, Rock Hill, South Carolina 29731-1590, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Williams & Fudge and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Williams & Fudge at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $1,470.00 (the "Debt") to Regis University (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Williams & Fudge for collection, or Williams & Fudge was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Williams & Fudge Engages in Harassment and Abusive Tactics

12. Defendants called Plaintiff's place of employment concerning his student loan with Regis University.

13. Defendants failed to identify the name of the debt collection agency when speaking to Plaintiff.

14. Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

15. Plaintiff gave Defendants his cellular phone number and requested that Defendants cease calls to work.

16. Nevertheless, Defendants continued to call Plaintiff's work.

17. When Plaintiff disputed the amount of the Debt, Ms. Patrick, a representative for Defendants, stated that the Student Handbook allowed a 33% markup. The Student Handbook does not contain such information.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
## Colo. Rev. Stat. § 12-14-101, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

29. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

30. The Defendants communicated with the Plaintiff in connection with the collection of a debt at the Plaintiff's place of employment after knowing the Plaintiff's employer prohibited the Plaintiff from receiving such communication, in violation of Colo. Rev. Stat. § 12-14-105(1)(c).

31. The Defendants engaged in a conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of

4

Colo. Rev. Stat. § 12-14-106(1).

32.     The Defendants placed telephone calls without meaningful disclosure of their identity within sixty seconds after an initial call to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(f).

33.     The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

34.     The Defendants failed to disclose in communications to the Plaintiff that the communications were from the Defendants, and that the Defendants were attempting to collect a debt and any information obtained would be used for that purpose, in violation of Colo. Rev. Stat. § 12-14-107(1)(l).

35.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs

      recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 3, 2011

Respectfully submitted,

                              By __/s/ Lark Fogel_____

                                  Lark Fogel, Esq.
                                  Bar Number: 030383
                                  P.O. Box 2486
                                  Elizabeth, Colorado 80107
                                  Tel. 303.596.4838
                                  Fax.203.653.3424
                                  larklaw@gmail.com
                                  Attorneys for Plaintiff

                                  Of Counsel To:

                                  LEMBERG & ASSOCIATES L.L.C.
                                  1100 Summer Street, 3rd Floor
                                  Stamford, CT 06905
                                  Telephone: (203) 653-2250
                                  Facsimile:  (203) 653-3424


                                  Plaintiff:
                                  David Holte
                                  12775 Wolff Ct.
                                  Broomfield, Colorado 80023